989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Troy WILLIAMS, Appellant,
v.
Ronnie ADAMS, Trooper, Appellee.
 No. 92-1003.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 11, 1992.
Filed: January 15, 1993.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Troy Williams brings this § 1983 action against Ronnie Adams, then-Assistant Chief of Police at Portageville, Missouri seeking damages for Adams' alleged assault and use of excessive force in arresting, and later transporting, Williams to a county jail. The matter was tried to the district court[1], which found in favor of Adams. On appeal, Williams argues he is entitled to a new trial because a deputy sheriff, whose testimony he claims "would have materially changed the outcome of his case," failed to appear in court. Br. of Appellant at 7. We affirm.
 
 I.
 
 2
 On February 4, 1984, Troy Williams was driving a commercial tractor-trailer, with a load of oversized steel beams, north on Interstate 55 in Arkansas on his way to Michigan. He crossed the Arkansas-Missouri border near Blytheville, Arkansas and approached a truck weight station, where, because of his load, he was required to stop. Apparently seeing some type of "irregular activity," Williams drove through the station and began heading north on Interstate 55. Officers at the station ordered him to stop, he refused, and a high-speed chase ensued. Using sirens, lights and loudspeakers, Missouri State Troopers and local police authorities made several attempts to convince Williams to pull over. The officers then set up two roadblocks, the first of which Williams ran through. At the second, an officer was able to fire two shots into the radiator of Williams' truck, rendering the truck inoperable. Upon stopping, Williams got out and walked to the front of his truck. Two troopers ordered him to stop, he refused and a scuffle broke out. Responding to the troopers' earlier call for assistance, Adams came onto the scene and immediately went to the troopers' aid. Williams was thereafter subdued, handcuffed and placed under arrest. The officers placed him in a squad car, which Adams then drove to the Pemiscot County jail.
 
 
 3
 Williams was charged with resisting arrest and first-degree assault. He was subsequently found not guilty by reason of insanity and sent to the Missouri Division of Mental Health.
 
 
 4
 On February 3, 1989, Williams filed this action under 42 U.S.C. § 1983 (1988) against Adams, alleging Adams assaulted him and used excessive force in arresting him. Williams claims, inter alia, that on the way to jail, Adams stopped at a river levee, got out of the car and struck him on the head, knocking him unconscious.
 
 
 5
 The case was tried before the district court, which entered final judgment in favor of Adams on October 31, 1991. On December 2, 1991, Williams wrote a one-page, pro se notice of appeal and handed it to authorities at St. Joseph Hospital, Missouri Division of Mental Health (St. Joseph) under whose care and custody Williams has been since the 1984 assault. Williams' notice of appeal was filed with the district court on December 13, 1991.
 
 II.
 
 6
 Williams contends he is entitled to a new trial as a matter of law because a deputy sheriff, Cleo Smith, who was subpoenaed to appear and whose testimony, Williams asserts, "would have materially changed the outcome of his case," failed to appear at trial. Br. of Appellant at 7.
 
 
 7
 Adams argues Williams is procedurally barred from sustaining an appeal here because his notice of appeal was not timely filed. Adams notes the district court entered final judgment on October 29, 1991, and Williams' notice was not filed with the court until December 13, 1991, eleven days after the thirty-day period during which the rules provide appeals may be filed.[2]
 
 
 8
 Williams counters by asking us to extend the rule in Houston v. Lack, 487 U.S. 266 (1988) to include patients incarcerated in mental health institutions. In Houston, the Court ruled that a notice of appeal filed by a pro se prisoner is considered "filed" when "delivered to prison authorities for forwarding to the court clerk," and not, as normally, when received by the clerk. Id. at 270.
 
 
 9
 Adams argues that even if Williams' notice of appeal was timely filed, there is no evidence Smith was ever served with a subpoena, nor any indication the district court inhibited Williams' interest or ability to present Smith's testimony.
 
 
 10
 Without passing on whether to expand Houston v. Lack, we simply find Williams' counsel failed to raise at trial, or at any other juncture before the district court for that matter, anything pertaining to that which he asserts here on appeal concerning Smith. The only reference to Smith in the record appears during Williams' examination of Adams, where Adams is asked whether he ever discussed the Williams matter with Smith, to which Adams responds "[n]o." Tr. at 29. Counsel then asked Adams whether Smith harbored any animosity toward Adams, to which Adams responded "[a]s far as I know, none." Id. Finally, counsel asks, "[i]f he [Smith] were to testify here today that he heard a radio transmission from you and during that transmission recognized your voice and you made the statement that Mr. Williams had been knocked unconscious, would he be testifying truthfully?" Adams responded, "[n]o, sir." Id.
 
 
 11
 As Adams points out, at the end of the trial, Williams' counsel does ask the district court, "I'd like to check, if I could, we had subpoenaed one witness ... and I don't know if he's outside." Tr. at 60. The district court allowed Williams' counsel to look outside the courtroom, which he did. Upon shortly returning, he stated, "Your Honor, we'll produce no more evidence at this time." Id. The district court then asked him if his client rested his case, to which he responded, "[y]es, Your Honor." Id.
 
 
 12
 The inference here is that Smith could provide testimony that would impeach Adams. However, Williams never moved at trial to compel Smith's testimony by way of subpoena or otherwise, nor indicated that Smith's testimony would shed new light on the dispute, the references to Smith during Williams' examination of Adams notwithstanding.
 
 
 13
 Williams now argues that a transcript of a taped interview of Smith taken after the trial on May 22, 1992, which Williams supplies to us as an appendix to his brief, indicates the critical testimony Smith would have provided had he appeared in court. Even if this transcript were properly before us, which it is not, see Huelsman v. Civic Center Corp., 873 F.2d 1171, 1175 (8th Cir. 1989), it provides no support for Williams' case.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri
 
 
 [2]
 Federal Rule of Appellate Procedure 3(a) provides, in relevant part:
 An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.
 Federal Rule of Appellate Procedure 4(a)(1) provides, in relevant part:
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.